UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LARRY P. LOWELL, JR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:13-CV-229 |
| v. | ) | (VARLAN/SHIRLEY) |
| | ) | |
| SUMMER BAY MANAGEMENT, LC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the Chief District Judge. Now before the Court is Plaintiff's Motion for Class Certification [Doc. 18]. For the reasons stated herein, the undersigned will **RECOMMEND** that the Motion for Class Certification be **GRANTED**.

I.      **BACKGROUND**

Plaintiffs commenced this action on behalf of three proposed classes alleging breaches of contract, violations of the Tennessee Time-Share Act of 1981, Tenn. Code Ann. §§ 66-32-101, *et seq.*, unjust enrichment, conspiracy, and unjust enrichment by Summer Bay Management, L.C., ("SBM"), in connection with the management agreements of three time-share developments located in Sevier County, Tennessee. Plaintiffs seek compensatory damages, punitive damages, attorneys' fees, expenses and costs on behalf of themselves and on behalf of the members of the proposed classes.

The developments at issue are known as Gatlinburg Town Square ("GTS"), Gatlinburg Town Square Resort Condominium II ("GTSII"), and Mountain Meadows Resort Condominiums ("MM"). SBM was the managing agent of GTS, GTSII, and MM for over ten years prior to February 2, 2012. Plaintiffs allege that SBM did not have a license to transact business in the State of Tennessee until January 9, 2012. Additionally, Plaintiffs allege that SBM was not a bonded agent or licensed real estate firm until February 2, 2012. Plaintiffs allege that during this time, SBM collected millions of dollars to which it was not entitled, all to the detriment of the Plaintiffs and members of the proposed classes

Plaintiffs allege SBM was, and remains, an agent and instrumentality of Defendant Summer Bay Partnership ("SBP"). Plaintiffs maintain that SBP was the developer of GTS, GTSII and MM and an owner of unsold timeshare inventory at GTS, GTSII, and MM. Plaintiffs allege that SBM and SBP were under the common control of Defendant Joe H. Scott ("Mr. Scott").

Plaintiffs filed the instant motion on August 6, 2013. On August 29, 2013, the parties jointly requested a stay of briefing on this motion and moved the Court to permit them up to and including April 4, 2014, to conclude briefing on this motion. The Court denied this request in part, and instead, permitted the parties to complete their briefing on or before January 17, 2014. [Doc. 25]. The Plaintiffs supplemented their motion on December 12, 2013, with responses and replies filed on January 10 and 17, 2014, respectively, [Docs. 33, 35, 46]. The parties appeared before the undersigned on February 5, 2014, to present oral arguments. Accordingly, the Motion for Class Certification [Doc. 18] is now ripe for adjudication.

## II.  POSITIONS OF THE PARTIES

Plaintiffs move the Court to certify three classes: the GTS class,[1] the GTS II class,[2] and the MM class.[3]  Plaintiffs maintain that these proposed classes fulfill the criteria of Rule 23 of the Rules of Civil Procedure.  [See Doc. 33].  Plaintiffs move the Court to certify the proposed classes and to appoint Scott & Cain and Lacy Price & Wagner, P.C., as class counsel.

Defendants respond by arguing that the Plaintiffs have not met the jurisdictional perquisites of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) – specifically, CAFA's jurisdictional threshold of five million dollars in damages.  [Doc. 35 at 3-9].

With regard to Rule 23, Defendants argue that an order entered in Summer Bay Management, L.C., v. Gatlinburg Town Square Member's Association, Inc., Case No. 12-1-05, Chancery Court for Sevier County, TN, (hereinafter "Sevier Chancery Case"), resolved the common questions of law and fact presented by Plaintiffs and, thereby, destroyed commonality and typicality.  [Id. at 10].  Additionally, the Defendants argue that the need to weigh equities in this case make it unsuitable for certification under Rule 23.  [Id.].  Defendants also argue that the Plaintiffs are not adequate class representatives, [id. at 12].  Defendants argue that the Court should credit the venue clause in the management agreements, because it cannot be shown that

---

[1] All persons who, at any point between March 2008 and February 2, 2012, owned an interest in one or more one-week vacation timeshare interval(s) in the timeshare development known as Gatlinburg Town Square. Excluded from the Class are Defendants, any entity in which any Defendant has or had a controlling interest, any entity which has or had a controlling interest in any Defendant, the legal representatives, heirs, successors, and assigns of any Defendant, and any judge assigned to this action, and any member of the judge's immediate family.

[2] All persons who, at any point between June 8, 2009 and February 2, 2012, owned an interest in one or more one-week vacation timeshare interval(s) in the timeshare development known as Gatlinburg Town Square Resort Condominium II.  Excluded from the Class are Defendants, any entity in which any Defendant has or had a controlling interest, any entity which has or had a controlling interest in any Defendant, the legal representatives, heirs, successors, and assigns of any Defendant, and any judge assigned to this action, and any member of the judge's immediate family.

[3] All persons who, at any point between July 1, 2008, and February 2, 2012, owned an interest in one or more one-week vacation timeshare interval(s) in the timeshare development known as Mountain Meadows Resort condominiums. Excluded from the Class are Defendants, any entity in which any Defendant has or had a controlling interest, any entity which has or had a controlling interest in any Defendant, the legal representatives, heirs, successors, and assigns of any Defendant, and any judge assigned to this action, and any member of the judge's immediate family.

3

litigating this matter through a class action in the United States District Court in Knoxville, Tennessee is "overwhelming[ly] preferable or more convenient to" doing so in Sevier County, Tennessee. [Id. at 14-15].

In their final reply, Plaintiffs maintain that jurisdiction is appropriate under CAFA. [Doc. 36 at 1-6]. Plaintiffs argue that the issues raised by Defendants with regard to Rule 23 are non-sequitur. [Id. at 7]. Plaintiffs contend that the Sevier Chancery Case does not affect the request for class certification in this case, [id. at 7-9], and Plaintiffs maintain that the venue provision of the management agreements do not govern the Court's decision on this issue, [id. at 9].

III. ANALYSIS

A. Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)

The Defendants responded to the Motion for Class Certification by arguing that the Court should deny the motion because the Plaintiffs have not met the requirements of Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA").

In pertinent part, CAFA provides:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

The Court finds that, despite the Defendants' focus on this issue, CAFA and the Court's subject matter jurisdiction is not properly before the Court. Defendants have not filed a motion to dismiss pursuant to Rule 12(b)(1), which specifically provides for motions to dismiss based upon a "lack of subject-matter jurisdiction."

At oral arguments, counsel for the Defendants stated that he expected the Court to raise the issue of dismissal based upon a failure to comply with CAFA *sua sponte* upon reviewing the Defendants' response. The undersigned finds that Defendants' invitation for the Court to *sua sponte* address CAFA and potentially dismiss this case is not well-taken for two reasons.

First, the Defendants' failure to file a motion to dismiss has denied Plaintiffs the opportunity to properly brief this issue. In litigating their Motion for Class Certification, Plaintiffs are focused upon the perquisites to certification that are outlined in Rule 23 of the Federal Rules of Civil Procedure. If the Court were to issue a ruling on the application of CAFA tantamount to a recommendation of dismissal at this juncture, the Plaintiffs would be denied due process in addressing such.

Second, the Court finds that the Chief District Judge has not referred the issue of dismissal of this case to the undersigned, and generally, the practice of this Court is for the District Judge assigned to rule upon such issues. The Chief District Judge has only referred the issue of class certification to the undersigned. [See Doc. 21]. The undersigned *sua sponte* dismissing this case would exceed the scope of the District Judge's referral in this case.

Accordingly, the Court will only rule upon the issue before it: whether certification of a class action under Rule 23 is appropriate. The Court will not rule upon the applicability of

CAFA, and to the extent the Defendants seek dismissal based upon a lack of subject-matter jurisdiction, they may file a motion requesting the same.[4]

**B.      The Sevier County Chancery Case**

Similarly, the Court will not address the extent to which the orders Sevier Chancery Case support claim preclusion or issue preclusion in this case.  Again, the Court finds that doing so would deny the Plaintiffs due process and would exceed the scope of the District Judge's referral.  To the extent Defendants believe the orders from the Sevier Chancery Case prevent Defendants from proceeding on their claims, they may file a motion pursuant to Rule 12(b)(6) or other provision, as appropriate.

The Court will not address these orders as they relate to claim preclusion or issue preclusion.  However, the Court will consider the Sevier Chancery Case and its orders to the extent to which they undermine Plaintiffs' showing with regard to the relevant factors under Rule 23 of the Federal Rules of Civil Procedure.

**C.      Rule 23 of the Federal Rules of Civil Procedure**

*1.      Rule 23(a) Prerequisites*

Rule 23(a) identifies three prerequisites to class certification.  It states:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1)  the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;

---

[4] The parties should not interpret the Court declining to address this request for dismissal or other requests for dispositive relief as any indication of the merits of such requests.  To the contrary, the requests for dispositive relief may prove meritorious when they are fully briefed.  However, the briefing of the request for class certification is not the proper vehicle for such decision.

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

*Numerosity*. While there is no strict numerical test, "substantial" numbers usually satisfy the numerosity requirement. In re Am. Med. Sys., 75 F.3d 1069, 1079 (6th Cir. 1996).

In the instant case, Plaintiffs argue that the potential members of the GTS class and the GTSII class number in the thousands and that the potential members of the MM class number in the hundreds. [Doc. 33 at 7]. Defendants did not argue in their filings or in their oral arguments that the Plaintiffs' position regarding numerosity was incorrect, nor did Defendants present evidence to the contrary. Based upon the record before the Court, the undersigned finds that the numerosity prerequisite has been satisfied.

*Common Questions*. The Court finds that there are questions of law and questions of facts common to the members of the proposed classes. Plaintiffs have cited the Court to numerous common questions and the pre-certification discovery indicating the existence of such questions. [Doc. 33 at 9]. The Court finds that *inter alia* the factual question of whether or not SBM was a bonded agent or licensed real estate firm during the relevant period and the legal question of whether SBM's actions and/or Mr. Scott's actions breached the respective management agreements will be common to the proposed classes.

The Defendants have argued that a settlement reached by the HOA and the Defendants in the Sevier Chancery Case "resolved the questions of law and fact presented by the Plaintiffs in this action for class certification." [Doc. 35 at 10]. As stated above, the Court finds that it is not appropriate for the undersigned to decide Defendants' position that the Sevier Chancery Case provides a basis for claim preclusion or issue preclusion in the instant litigation. The

7

Defendants' position is equivalent to arguing that commonality factor is not satisfied because the claims may be subject to a later dispositive motion. Rule 23 does not indicate that the Court should consider such issues in evaluating the Rule 23(a) prerequisites, and the Defendants have not cited the Court to any case law indicating that the Court should consider such issues in determining whether common legal and factual questions are present. Accordingly, the Court finds that the Defendants' position does not defeat a finding that there are common questions of law and questions of fact in this case.

Though the management agreements may vary slightly between the different developments, the Court finds that common questions are present and sufficient to fulfill the prerequisite under Rule 23. See In re Teletronics, 168 F.R.D. 203, 213 (S.D. Ohio 1996) (holding that there was commonality where the plaintiffs used two "virtually identical" pacemaker models).

*Typicality*. "Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" In re Whirlpool Corp. Front-Loading Washer Products Liability Litig., 722 F.3d 838, 852 (6th Cir. 2013) (quoting Sprague v. Gen. Motors Corp., 133 F.3d 388, 399 (6th Cir.1998)). "This requirement insures that the representatives' interests are aligned with the interests of the represented class members so that, by pursuing their own interests, the class representatives also advocate the interests of the class members." Id. at 853 (quoting Sprague, 133 F.3d at 399).

Plaintiffs maintain that in the instant case, the named Plaintiffs and each potential class member will proceed under the same legal theories, and to succeed, each potential class member and named Plaintiff must present the same proof concerning SBM's breaches of the management agreements, violation of the Tennessee Time-Share Act, unjust enrichment, and of SBP and Mr.

Scott's conspiratorial behavior with reference to the breaches, violations, and unjust enrichment. [Doc. 33 at 10].

In response, the Defendants argue that the "Plaintiffs are not typical of the claims of the putative classes since the HOA has already resolved each of the claims raised by the Plaintiffs." [Doc. 35 at 10]. Again, and for the reasons stated above, the Court finds this position unpersuasive. Whether the rulings in the Sevier Chancery Case will dispose of certain of Plaintiffs' claims is not the issue before the Court.

Additionally, Defendants argue that typicality is destroyed by variation among the Plaintiffs and proposed class members with reference to rental commissions. [Doc. 35 at 11]. Plaintiffs have represented both in their filings and in their oral arguments that they do not seek recovery of rental commissions, which are based on separate individual rental contracts. [See Doc. 36 at 8 ("Class Plaintiffs (and members of the proposed Classes) do not seek recovery of those rental commissions . . . .")]. Accordingly, the undersigned finds that typicality amongst the Plaintiffs and proposed class members is not destroyed by the rental commissions issues.

Based upon the record before the Court, the undersigned finds that the proposed class members claims are fairly encompassed by the named Plaintiffs' claims and that, by pursuing their own interests, the named Plaintiffs also advocate the interests of the class members. Therefore, the Court finds that the Plaintiffs fulfill the typicality prerequisite of Rule 23(a).

*Adequacy of Representation*. To satisfy the adequacy of representation perquisite, the named plaintiffs or representatives must have common interests with unnamed members of the class, and it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. Vassalle v. Midland Funding LLC, 708 F.3d 747, 757 (6th Cir. 2013) (quoting In re Am. Med. Sys., Inc., 75 F.3d 1069, 1083 (6th Cir. 1996)) (internal punctuation removed). Because the adequacy of representation tends to merge with

9

commonality and typicality, it is often addressed simultaneously with these other prerequisites. See In re Whirlpool Corp., 722 F.3d at 853.

Plaintiffs maintain that their representation is adequate because: named Plaintiffs are aware of their obligations and have actively participated in this suit; the attorneys for the class are well-respected members of their respective legal communities, with extensive experience; and the named Plaintiffs and the proposed class members have common interests, with no antagonism. [Doc. 33 at 12].

Defendants do not challenge the adequacy of or qualifications of counsel for the Plaintiffs. [See Doc. 35 at 12-13]. Instead, Defendants argue that, pursuant to the master deeds and condominium agreements for the HOA, the HOAs for the individual developments are the appropriate parties to represent the Plaintiffs and potential class members in this case. [Id.].

Plaintiffs respond that the HOAs may provide representation for their members, but the Plaintiffs maintain that this provision does not preclude the individual owners from proceeding on their claims. [Doc. 36 at 8-9].

Initially, the Court reincorporates its findings with regard to commonality and typicality herein. The Court finds that the Defendants position that the HOA is the appropriate legal representative for these claims is not well-taken at this juncture. To the extent the Defendants maintain that Plaintiffs, for example, lack standing based upon the provisions of the warranty deeds and condominium agreements that provide for representation through the HOA, the Defendants may address this position to the Court through the filing of an appropriate motion. In ruling upon this Motion for Class Certification, the Court is not prepared to determine this potential standing or preclusion issue based upon the briefing before it. Moreover, given the claims in this case, the Court finds that it is not appropriate to deny the Plaintiffs "access to the

courthouse" by requiring the individual time-share owners to litigate through the HOA at this preliminary stage.

Therefore, the Court finds that the named Plaintiffs have common interests with unnamed members of the class, and it appears to the undersigned that the named Plaintiffs will vigorously prosecute the interests of the class through qualified counsel.  Thus, the undersigned finds that the adequacy of representation prerequisite of Rule 23(a) is satisfied.

*Rule 23(a) Prerequisites are Satisfied.*  Based upon the foregoing, the Court finds that the perquisites to class certification found in Rule 23(a) are satisfied.

2.      *Maintaining a Class under Rule 23(b)*

Rule 23(b) of the Federal Rules of Civil Procedure permits a class action to be maintained, where the prerequisites of Rule 23(a) are satisfied, and the case falls within one of three categories, where:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
>> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>>
>> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

11

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

In the instant case, the Plaintiffs seek certification under subsection (b)(3). The analysis of Rule 23(b)(3) overlaps considerably with the Court's findings with regard to typicality and commonality above, see In re Whirlpool, 722 F.3d at 859, and as the Court of Appeals for the Sixth Circuit has explained, "Rule 23(b)(3) does not mandate that a plaintiff seeking class certification prove that each element of the claim is susceptible to classwide proof." Id. (citing Amgen Inc. v. Conn. Retirement Plans & Trust Funds, — U.S. — , 133 S. Ct. 1184 (2013)). The "office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'" Amgen, 133 S.Ct. at 1191.

Plaintiffs argue that the satisfy Rule 23(b)(3) because: SBM's alleged failure to be properly licensed and/or bonded is the predominate and common issue in this case; there will be no need for individualized determinations of fact or law with regard to any particular class member; management of the class action will be the most cost-efficient and orderly manner in which to adjudicate these claims; and the case would remain manageable, despite class certification. [Doc. 33 at 13-15].

In responding, the Defendants do not specifically address the considerations under Rule 23(b)(3). [See Doc. 35 at 14-16]. Notably, the Defendants do not point the Court to any "fatal

dissimilarity." Id.; see In re Whirlpool, 722 F.3d at 859 (citing Amgen, 133 S.Ct. at 1197). Instead, Defendants argue that the Court should enforce a choice of venue clause in the management agreements and find that adjudication in state court in Sevier County would be more manageable and appropriate. [Doc. 35 at 15].

Initially, the Court adopts and incorporates its findings with regard to commonality and typicality under Rule 23(a). Further, the Court finds that questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. In so finding, the Court has considered the fact that potential class members are likely to have little interest in litigating their claims individually given the level of damages involved and the cost of such litigation. Moreover, their desire to control the prosecution of their individual claims is diminished by the congruency of their proof, which will be based upon the same management agreements and factual allegations. The Court also finds that concentrating the litigation of the claims in Knoxville is desirable and will be cost-efficient. The Court finds that the difficulties in managing the class action are not severe, because although the potential claimants are numerous, the claims are similar and the relevant evidence is accessible in the Eastern District of Tennessee.

Finally, the Court finds that the Defendants have not presented arguments or brought forth any evidence that would undermine the Plaintiffs' showing under Rule 23(b)(3). The Court also finds that the Defendants' arguments with regard to venue are not persuasive in the context of a Rule 23(b)(3) analysis, and to the extent the Defendants believe that this cause should be remanded to state court, they may file an appropriate motion under Rule 12.

Based upon the foregoing, the Court finds that the perquisites to class certification found in Rule 23(b)(3) are satisfied.

13

## IV.    CONCLUSION

Because both the perquisites of Rule 23(a) and (b)(3) are fulfilled, the Court finds that the

Motion for Class Certification is well-taken.  Accordingly, the undersigned **RECOMMENDS**[5]

that:

1.  Plaintiffs' Motion for Class Certification **[Doc. 18]** be **GRANTED**;

2.  The classes proposed therein be **CERTIFIED**;

3.  Attorneys Christopher T. Cain, Thomas S. Scott, Jr., of Scott & Cain, and W. Allen
    McDonald, of Lacy Price & Wagner, P.C., be **APPOINTED** as class counsel;

4.  Defendants be **ORDERED** to provide any records it may have evidencing the names
    and addresses of potential class members to class counsel within **thirty (30) days** of the
    Chief District Judge ruling upon this Report and Recommendation; and

5.  Counsel for Plaintiffs be **ORDERED** to send notice of this action to potential class
    members, pursuant to Fed. R. Civ. P. 23(c), within **ninety (90) days** of the Chief District
    Judge ruling upon this Report and Recommendation.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be served and filed within **fourteen (14) days**
after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2).
If either party objects to this Report and Recommendation, a response to such objection must be filed
within **seven (7) days** of the objection being filed. See E.D. Tenn. L.R. 7.1(a).  The Court will **not**
entertain reply briefs on objections.  Failure to file objections within the time specified waives the right to
appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court
need not provide de novo review where objections to this report and recommendation are frivolous,
conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are
reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).