UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY P. LOWELL, JR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:13-CV-229-PLR-CCS |
| ) | *as consolidated with 3:14-cv-296* |
| SUMMER BAY MANAGEMENT, L.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Remove Patricia K. Watts, Eric Jimenez, and Jennifer Deal as Named Plaintiffs and Class Representatives [Doc. 146] and a Motion to Withdraw Eric Jimenz and Jennifer Deal from Motion to Remove Patricia K. Watts, Eric Jimenez and Jennifer Deal as Named Plaintiffs and Class Representatives [Doc. 149]. The parties appeared before the Court for a motion hearing on February 27, 2017. Attorneys Chris T. Cain and W. Allen McDonald appeared on behalf of the Plaintiffs. Attorney Jennifer Gustafson appeared on behalf of Defendants Summer Bay Management, L.C., Summer Bay Partnership, and Joe Scott.

As an initial matter, the Plaintiffs filed a Motion to Withdraw Eric Jimenz and Jennifer Deal [Doc. 149] from the original Motion [Doc. 146]. The Motion to Withdraw states that Class Counsel has re-established contact and communications with Jimenez and Deal and that they are both agreeable to the global settlement that has been reached. Accordingly, the Court finds the Motion to Withdraw Eric Jimenz and Jennifer Deal from Motion to Remove Patricia K. Watts,

Eric Jimenez and Jennifer Deal as Named Plaintiffs and Class Representatives [**Doc. 149**] well-taken, and it is **GRANTED**.

I.      POSITIONS OF THE PARTIES

With respect to the Motion to Remove Patricia Watts [Doc. 146], Class Counsel requests that the Court remove Ms. Watts as a named plaintiff and a class representative. The Motion states that recent events have caused Class Counsel to conclude that Ms. Watts no longer adequately represents the class of over 8,000 time-share owners of the resorts. In support of the Motion, Class Counsel states that following months of arm's length negotiations, the parties reached a global settlement agreement that would completely dispose of Lowell I and Lowell II. The Motion states that the proposed global settlement is an excellent resolution, especially in light of the pending motions.

The Motion continues that the written global settlement agreement has been approved by all the named plaintiffs and the class representatives, except Ms. Watts. Further, the Motion explains that the settlement incorporates three classes, all of which are represented by one or more named plaintiffs, such that, even if Ms. Watts were removed as a class representative, the class to which she belongs will still be represented by at least two other named class representatives. The Motion continues that Ms. Watts has expressed a general dissatisfaction with the settlement terms and has actively campaigned against the settlement to some or all of the other named plaintiffs and class members. The Motion states that Ms. Watts is steadfast in her disapproval of any settlement that does not accomplish her expectations, which Class Counsel deems unattainable. The Motion explains that Ms. Watts has been unwilling to consider Class Counsel's reasons for agreeing to the proposed settlement and the positions of the other named plaintiffs and that Ms. Watts's position has not changed despite the global settlement agreement that resolves all of the issues in Lowell I

2

and Lowell II. The Motion continues that it is apparent to Class Counsel that Ms. Watts's interests are not aligned with the remaining class representatives and that Class Counsel has advised Ms. Watts that they intend to seek approval of the global settlement. Further, the Motion states that Ms. Watts does not consent to her removal as a named plaintiff and a class representative, nor does she consent to Class Counsel withdrawing as her counsel in any capacity, other than as Class Counsel. Finally, the Motion requests that Ms. Watts file any objections with the Court on or before November 14, 2016, and states that a copy of the Motion was sent to Ms. Watts by overnight courier.

## II. ANALYSIS

As noted above, the Court held a motion hearing on February 27, 2017. Ms. Watts did not appear. During the hearing, Class Counsel stated that even if the Court granted the Motion, Ms. Watts may still proceed as a member of the class, opt out of the class, or object to the settlement. Class Counsel stated that they have achieved a good settlement and that Ms. Watts's expectations were not attainable. The Defendants stated that they do not oppose the Motion.

Federal Rule of Civil Procedure 23(a)(1) requires that class representatives shall "fairly and adequately protect the interests of the class." Further, the "Supreme Court has stated that a court can re-examine a named plaintiff's ability to represent the class." Heit v. Van Ochten, 126 F. Supp. 2d 487, 496 (W.D. Mich. 2001) (quoting U.S. Parole Comm'n v. Geraghy, 445 US. 388 (1980)); see also Fed. R. Civ. P. 21 ("On motion, or on its own, the court may at any time, on just terms, add or drop a party.").

In the instant matter, the Court notes that the Motion to Remove Patricia Watts [Doc. 146] was filed on October 24, 2016. Class Counsel sent Ms. Watts a copy of the Motion and requested that she file objections on or before November 14, 2016. On February 3, 2017, the Court scheduled

3

a motion hearing for February 27, 2017, and mailed a Notice of the hearing to Ms. Watts. The Court has not heard from Ms. Watts, she did not attend the hearing, nor has she filed an objection to the Motion. See L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Based on Ms. Watts's lack of participation, the Court finds Class Counsel's request to remove Ms. Watts as a named plaintiff and class representative well-taken, and it is **GRANTED**.

Further, the Motion states that the relationship between Class Counsel and Ms. Watts has irreparably broken down and that Class Counsel should be permitted to withdraw from representing Ms. Watts in any capacity, other than simply as an unnamed class member.

The Court notes that Class Counsel has indicated their intent to move forward with the proposed global settlement, despite Ms. Watts's objections thereto. Thus, it appears that Ms. Watts's position is diametrically opposed with the position of Class Counsel. Accordingly, the Court finds Class Counsel's request to withdraw from representing Ms. Watts in any capacity, other than as an unnamed class member, to be well-taken, and it is **GRANTED**. See Heit, 126 F. Supp. 2d at 494 ("Recognizing Plaintiff counsel's duty to the class, it appears she cannot represent Richard Heit because he objects to the Proposed Settlement, which Plaintiff's counsel argues is in the best interest."). The Court finds that Ms. Watts should have the opportunity to pursue any objections to the global settlement with a new lawyer, if she chooses to do so. See id.

**III. CONCLUSION**

Accordingly, based on the lack of objection to the Motion and the failure of Ms. Watts to appear at the hearing, the Court hereby **GRANTS** the Motion to Remove Patricia K. Watts as a Named Plaintiff and Class Representative [**Doc. 146**]. Further, the Court **GRANTS** the Motion to Withdraw Eric Jimenz and Jennifer Deal from Motion to Remove Patricia K. Watts, Eric Jimenez and Jennifer Deal as Named Plaintiffs and Class Representatives [**Doc. 149**]. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Patricia Watts at the following address: 14604 Bailey Drive, Baton Rouge, LA 70816.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge