UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LARRY P. LOWELL, JR., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:13-CV-229-PLR-CCS |
| | ) | *as consolidated with 3:14-CV-296* |
| SUMMER BAY MANAGEMENT, L.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the District Court's Order of Referral [Doc. 162]. Now before the Court is Class Counsel's Motion for Attorney's Fees, Expenses, and Incentive Awards [Doc. 159], filed on May 15, 2017. For the reasons stated herein, the Court will **RECOMMEND** that Class Counsel's motion be granted.

### I.  BACKGROUND

On May 1, 2017, the District Court entered an Order [Doc. 158] granting preliminary approval of a proposed class action settlement agreement submitted by the parties. In relevant part, the Order (1) directed Class Counsel to file their request for attorneys' fees and expenses within 15 days and (2) set a final approval settlement hearing for August 7, 2017. On May 15, 2017, Class Counsel filed their instant motion. The parties have agreed that Class Counsel are entitled to a monetary award in the amount of $220,000. [Doc. 160 at 2].

During the August 7 final settlement hearing, the District Court approved the class action settlement agreement. [Doc. 170]. The District Court found that all matters had been resolved with the exception of Class Counsel's attorneys' fees and expenses. Accordingly, with the class

action settlement agreement having been approved, the undersigned finds Class Counsel's motion is now ripe for review.

## II.   ANALYSIS

The Court observes that the parties have already agreed that Class Counsel are entitled to a monetary award of $220,000.  Accordingly, the only determination for this Court is whether the requested amount is reasonable.  The Court finds that a "lodestar" analysis is the appropriate means for determining reasonableness. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) ("The trial court's initial point of departure, when calculating a 'reasonable' attorney fee, should be the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate.").  Therefore, the Court reviews the reasonableness of Class Counsel's hourly rate, hours expended, and the specific expenses incurred and incentive awards requested.

### A.   **Hourly Rate Charged**

Attorneys Christopher T. Cain and W. Allen McDonald served as counsel for the class members in this matter.  Pursuant to Declarations filed with the Court, Mr. Cain charged $275 per hour [Doc. 160-1], and Mr. McDonald charged $200 per hour [Doc. 160-2 at 3], for the work performed in this litigation.  In addition, Mr. McDonald's Declaration represents that several other attorneys from his firm have billed hours—specifically, Ray Lacy at $300 per hour and Michael Franz at $175 per hour.  [*Id.*].  The Court finds that Class Counsel's rates are such that "lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Adcock-Ladd*, 227 F.3d at 350.  Accordingly, the Court recommends that the hourly rates billed by Class Counsel not be reduced.

## B. Hours Expended

As to the second component of the lodestar analysis, the Court considers the reasonableness of the hours expended in the litigation. Mr. McDonald and his firm have spent 541 hours on this case as follows: Mr. McDonald has expended 530 hours, Mr. Lacy has expended .2 hours, and Mr. Franz had expended 10.4 hours. [Doc. 160-2 at 2]. These hours represent time spent researching, drafting pleadings and other court filings and order, conducting discovery, communicating with clients and the attorneys in this case, preparing for hearings, and participating in settlement negotiations and mediation. [*Id.*; Doc. 16 at 7].

Mr. Cain explains that he has neither kept contemporaneous time records nor has he attempted to recreate time records in this case. [Doc. 160-1 at 2]. He states that he has reviewed the time records kept by Mr. McDonald's firm from May 3, 2013 through April 30, 2017, which reflect that over 520 hours were spent litigating this case, and estimates that he has spent a minimum of 500 hours himself based on the time records kept by Mr. McDonald. [*Id.*]. Mr. Cain submits that worked performed on this case included conducting discovery, communicating with clients and attorneys, and extensive motion practice ranging from a motion to intervene in the state court proceedings, class certification in *Lowell I*, motions to dismiss, a motion for sanctions, and summary judgment motions, among others. [*Id.*; Doc. 160 at 7]].

In reviewing Mr. McDonald's Declaration and arguments made in Class Counsel's memorandum with regard to the necessity of the hours expended, the Court finds that 530 hours expended by Mr. McDonald in this particular case over the course of four years is reasonable. While the Court would typically require Mr. Cain to set forth a more detailed and accurate account of attorney work performed hours, the Court nonetheless finds 500 hours reasonable in light of the procedural history and complexity of this case, as well as Defendants' agreement that Class Counsel are entitled to the monetary award requested.

Accordingly, the Court finds that it is appropriate to compensate Class Counsel for a total of 1030 hours expended litigating this case.

C. **Expenses and Incentive Award**

Finally, Class Counsel submits that they have incurred over $17,800 in expenses in this matter. [Doc. 160 at 7]. Mr. Cain states that he has incurred $14,042.88 in un-reimbursed expenses in connection with the prosecution of these cases. [Doc. 160-1 at 3]. Mr. McDonald represents that his firm has incurred $3,761.91 in un-reimbursed expenses as well. [Doc. 160-2 at 3]. In addition, Class Counsel seeks approval to deduct $10,000 from the $220,000 requested award to pay incentive awards of $1,000 to each of the 10 Class Plaintiffs. [Doc. 160 at 9]. The Court finds that $17,804.79 in expenses, and $10,000 in incentive awards, is reasonable.

III. **CONCLUSION**

For the reasons stated herein, the undersigned **RECOMMENDS**[1] Class Counsel's Motion for Attorney's Fees, Expenses, and Incentive Awards [**Doc. 159**] be **GRANTED** and Class Counsel be awarded **$220,000**, representing attorneys' fees, expenses, and $10,000 in incentive awards to be paid equally among the 10 Class Plaintiffs.

Respectfully Submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).